UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSE DIAZ SALCIDO,

                    Petitioner,                 Case No. 1:26-cv-772

v.

                                      Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                    Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.     Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.8.)

In an order entered on March 11, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on March 16, 2026.

(ECF No. 4.) On March 18, 2026, Petitioner filed an unopposed motion for extension of time to file his reply, (Motion, ECF No. 5), which the Court granted. (Order, ECF No. 6.) Petitioner filed his reply on March 23, 2026. (ECF No. 7.)

## II.    Factual Background

Petitioner is a citizen of Mexico. (Pet., ECF No. 1, PageID.2.) On November 14, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Salcido v. Raycraft* (*Salcido I*), No. 1:25-cv-1453 (W.D. Mich.). In *Salcido I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Salcido I*, (W.D. Mich. Dec. 4, 2025), (ECF Nos. 10, 11).

On December 10, 2025, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.3.) At that hearing, "[c]ounsel for the Petitioner provided extensive documentation regarding the Petitioner's non-existent flight risk nor dangerousness to the community, as he has no crimes and is married to an United States Citizen for an extensive period of time and has pending relief before the Immigration Court." (*Id.*) Petitioner contends that Respondents "provided zero evidence" at that hearing. (*Id.*) At the hearing, the Department of Homeland Security argued that Petitioner had "not met his burden." (Recording of Dec. 10, 2025, Bond Hearing, at 5:51–6:01, filed on Mar. 16, 2026.)

At the conclusion of the December 10, 2025, hearing, the Immigration Judge denied Petitioner's request for bond and found that Petitioner had not shown that Petitioner was not a risk of flight. (*Id.*, at 8:50–8:53, 11:37–11:42.) In a written order, the Immigration Judge memorialized

that decision, stating that Petitioner "has not demonstrated that he is not a risk of flight." (Immigration Judge Order, ECF No. 4-1, PageID.27.)

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### <u>Conclusion</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

3

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      April 2, 2026                              /s/ Jane M. Beckering
                                                       Jane M. Beckering
                                                       United States District Judge